**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**DAVID J. ATENCIO,**

    **Plaintiff,**

    v.                                                                                        No. 13-cv-1078 KG/SMV

**S. NEW MEXICO CORR. FACILITY,**
**CORIZON HEALTH, JIM KASSMERICK,**
**SANTIAGO LERMA, CHUCK EVANS,**
**DAVID BARRELA, and KELLI MARABLE,**
**sued in their individual and official capacities,**

    **Defendants.**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court sua sponte under 28 U.S.C. § 1915(e)(2) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's original Civil Rights Complaint [Doc. 1] and on his first and second Amended Complaints [Docs. 2, 8] (together the "complaint"). Plaintiff is incarcerated, appears pro se, and is proceeding *in forma pauperis*.

The Court has the discretion to dismiss an *in forma pauperis* complaint sua sponte under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint sua sponte under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992).

The original and first amended complaints allege that Plaintiff suffered an eye injury while grinding metal at a prison job site. These pleadings name the correctional facility and an entity medical provider as Defendants. Plaintiff alleges that the injury resulted from the prison maintenance department's failure to issue appropriate safety equipment. He went to the infirmary after he was injured, but he had to wait six hours before being examined and was not treated until the next day. He received no response to his grievances.

The second amended complaint [Doc. 8] asserts the same claims but directs them at a number of individual Defendants. Defendants Evans and Barrela failed to allow medical treatment for Plaintiff, and when he went to the infirmary, Defendant Nurse Marable allegedly did nothing except tell him to put in a sick call. He also alleges that his injury resulted from the failure of Defendants Kassmerick, Lerma, Evans, and Barrela to follow state and federal safety regulations, in spite of prior complaints about these conditions from Plaintiff. The injury and delayed medical treatment caused him continuing pain and double vision. [Doc. 8] at 7. Plaintiff contends that Defendants' actions violated certain of his constitutional rights. The complaint seeks damages.

As noted, the second amended complaint does not name the entity Defendants. Because the second amended complaint supersedes the first two pleadings, *see Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991) ("[T]he amended complaint supersedes the original."), the Court

"examin[es] only those claims that were included in [Plaintiff]'s second amended complaint." *Franklin v. Kansas Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005). It appears to the Court that notice and waiver of service forms should be issued for Defendants Marable, Kassmerick, Lerma, Evans, and Barrela.

**IT IS THEREFORE ORDERED** that the Clerk terminate Defendants Southern New Mexico Correctional Facility and Corizon Health on the docket. The Clerk shall additionally correct the spelling of the names of Defendants Lerma, Kassmerick, Evans, and Barrela on the docket, *see* [Docs. 8, 11], amending the caption accordingly;

**IT IS FURTHER ORDERED** that the Clerk issue notice and waiver of service forms, with copies of the Second Amended Complaint [Doc. 8] and this Order for Defendants Marable, Kassmerick, Lerma, Evans, and Barrela.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**