IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DAVID J. ATENCIO,**

    **Plaintiff,**

    v.                                                                        No. 13-cv-1078 KG/SMV

**S. NEW MEXICO CORR. FACILITY,**
**CORIZON HEALTH, JAMES KACZMAREK,**
**SANTIAGO LERMA, CHUCK EVANS,**
**CHRIS BARELA, and KELLI MARABLE,**

    **Defendants.**

## ORDER TO AMEND THE CAPTION AND DENYING APPOINTMENT OF COUNSEL

THIS MATTER is before the Court on the untitled document [Doc. 21], filed by Plaintiff on June 18, 2014. Plaintiff asks that the caption be amended to reflect the correct spellings of the names of Defendants James Kaczmarek (incorrectly identified as Jim Kassmerick) and Chris Barela (incorrectly identified as David Barrela). *See* [Doc. 21]; [Doc. 19] at 1. The request will be granted.

Plaintiff[1] also requests the appointment of an attorney to represent him in this 42 U.S.C. § 1983 action because he is "having difficulty getting legal access." [Doc. 21]. However, United States District Courts lack the authority to appoint counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to

---

[1] Plaintiff is incarcerated, appears pro se, and is proceeding *in forma pauperis*.

28 U.S.C. § 1915(e)(1).  In deciding whether to request voluntary assistance of counsel, courts should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."  *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted).  Ultimately, the burden is on the plaintiff "to convince the court that there is sufficient merit to his claim to warrant [a request for voluntary assistance] of counsel."  *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir 2004) (internal quotation marks omitted).

Plaintiff's difficulty accessing the legal material that he desires does not warrant a request for the voluntarily assistance of an attorney.  Incarceration may impair the capacity to litigate as one prefers, but such impairment "is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."  *Lewis v. Casey*, 518 U.S. 343, 355 (1996).  More to the point, however, the Court is not convinced that there is sufficient merit or complexity in Plaintiff's claims to warrant requesting that an attorney voluntarily represent him.  Moreover, thus far, Plaintiff is adequately present his claims.

IT IS THEREFORE ORDERED that Plaintiff's request to amend the caption is **GRANTED**.  The Clerk shall amend the caption as follows:  Defendant Jim Kassmerick shall be changed to **James Kaczmarek**, and Defendant David Barrela shall be changed to **Chris Barela**.

IT IS FURTHER ORDERED that Plaintiff's request for appointment of counsel [Doc. 21] is **DENIED**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**