IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DAVID J. ATENCIO,**

    **Plaintiff,**

    v.                                                                                                      No. 13-cv-1078 KG/SMV

**S. NEW MEXICO CORR. FACILITY,**
**CORIZON HEALTH, JAMES KACZMAREK,**
**SANTIAGO LERMA, CHUCK EVANS,**
**CHRIS BARELA, and KELLI MARABLE,**

    **Defendants.**[1]

## ORDER TO SUBMIT *MARTINEZ* REPORT

THIS MATTER is before the Court sua sponte. Plaintiff brought suit against Defendants pursuant to 42 U.S.C. § 1983 seeking damages. Second Amended Complaint [Doc. 8]. Plaintiff alleges that he suffered an eye injury while grinding metal at a prison job site. *Id.* at 4. He blames his injury on the alleged failure of Defendants Kaczmarek, Lerma, Evans, and Barela to follow state and federal safety regulations, in spite of prior complaints about these conditions from Plaintiff. *Id.* After he was injured, Plaintiff claims that Defendants Evans, Barela, and Marabel violated his rights under the Eighth Amendment by denying him necessary medical treatment. *Id.* According to Plaintiff, the injury and delayed medical treatment caused him continuing pain and double vision. *Id.*

---

[1] Defendants Southern New Mexico Correctional Facility and Corizon Health were dismissed from this action on April 4, 2014. [Doc. 13]. Only Defendants Kaczmarek, Lerma, Evans, Barela, and Marabel remain.

In order to develop a record sufficient to ascertain whether there are any factual or legal bases for Plaintiff's claims, Defendants are **ORDERED** to submit materials that will help this Court resolve Plaintiff's claims, in the form of a *Martinez* report, as explained herein.

In a suit brought by a pro se prisoner, the Court may order the defendants to investigate the incident underlying the suit and to submit a report of the investigation, known as a "*Martinez* report." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991); *see Martinez v. Aaron*, 570 F.2d 317, 319–20 (10th Cir. 1978) (affirming the propriety and necessity of such reports). The *Martinez* report assists the Court in determining whether there is a factual and legal basis for the prisoner's claims. *Hall*, 935 F.2d at 1109. The Court may use the *Martinez* report in a variety of procedural situations, including when deciding whether to grant summary judgment, either on motion or sua sponte. *Id.* at 1109–10; *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) (noting that district courts have the power to enter summary judgment *sua sponte*, as long as the opposing party was on notice that she had to come forward with all her evidence). However, the prisoner must be given an opportunity to present evidence to controvert the facts set out in the report. *Hall*, 935 F.2d at 1109.

### Directions for Preparing the *Martinez* Report

Defendants' *Martinez* report must address the allegations against them as well as any defenses raised in their answer that they wish to pursue, including but not limited to the exhaustion of administrative remedies. Defendants must abide by the following instructions in preparing their report.

1)   The report must include a written brief that discusses Plaintiff's claims.  Factual assertions in the briefs must be supported by proof, such as affidavits or documents.  *See Hayes v. Marriott*, 70 F.3d 1144, 1147–48 (10th Cir. 1995).

2)   The report must state whether records pertaining to the allegations exist.

3)   The report must state whether policies or regulations addressing the allegations exist.

4)   If relevant records, policies, or regulations do exist, copies must be included as attachments to the reports.  The attachments should be arranged in a logical order and must be properly authenticated by affidavits.  *See Farmers Alliance Mut. Ins. Co. v. Naylor*, 452 F. Supp. 2d 1167, 1176–77 (D.N.M. 2006).

5) The report shall include the last known address for Defendant Marabel, or otherwise explain why her address should not be produced.

In addition, Defendant shall provide a *Vaughn* index [2] that includes a substantial description of any documents Defendant contends should not be disclosed.  *In camera* review of those documents may be required by further Court order.

The *Martinez* report must be filed and served on Plaintiff no later than **December 30, 2014**. Plaintiff must file his response or objections to the report no later than **January 30, 2015**. Defendants must file their reply, if any, no later than **February 14, 2015**.

---

[2]   "A *Vaughn* index is a compilation prepared by the government agency . . . listing each of the withheld documents and explaining the asserted reason for its nondisclosure." *Anderson v. Dep't of Health & Human Servs.*, 907 F.2d 936, 940 n.3 (10th Cir. 1990) (citing *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973)).

The parties are hereby given notice that the *Martinez* report may be used in deciding whether to grant summary judgment, either by motion or sua sponte. Therefore, the parties should submit whatever materials they consider relevant to Plaintiff's claims.

IT IS SO ORDERED.

_____
STEPHAN M. VIDMAR
United States Magistrate Judge