IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID J. ATENCIO,

    Plaintiff,

  v.                                                                                                     No. 13-cv-1078 KG/SMV

S. NEW MEXICO CORR. FACILITY,
CORIZON HEALTH, JAMES KACZMAREK,
SANTIAGO LERMA, CHUCK EVANS,
CHRIS BARELA, and KELLI MARABLE,

    Defendants.[1]

## MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before me on Plaintiff David J. Atencio's[2] Second Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 [Doc. 8] ("Amended Complaint"), filed on December 18, 2013.  Plaintiff alleges that Defendants Kaczmarek, Lerma, Barela, Evans, and Marable violated his Eighth Amendment rights following an eye injury he suffered on a prison work assignment.  *Id.* at 5–7.  The Honorable Kenneth J. Gonzales, United States District Judge, referred this matter to me for analysis and a recommended disposition.  [Doc. 10].  Having reviewed the record and the relevant law, and being otherwise fully advised in the premises, I find the facts alleged by Plaintiff, even if true, do not amount to any constitutional violation. Thus, I respectfully recommend that Plaintiff's claims against all Defendants be DISMISSED.

---

[1] Defendants Southern New Mexico Correctional Facility and Corizon Health were dismissed from this action on April 4, 2014.  [Doc. 13].  Only Defendants Kaczmarek, Lerma, Evans, Barela, and Marable remain.

[2] At all times relevant to this suit, Plaintiff has been incarcerated and proceeding pro se and *in forma pauperis*. [Doc. 5].  The Court liberally construes Plaintiff's filings because he is appearing pro se.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## Background

Plaintiff is a pro se prisoner litigant. He filed his original complaint [Doc. 1] and amendment [Doc. 2] pursuant to § 1983 on November 4, 2013. Plaintiff filed his Amended Complaint [Doc. 8] on December 18, 2013. The Amended Complaint is the operative complaint. Plaintiff's allegations arise from an eye injury he suffered on August 8, 2013, while incarcerated at Southern New Mexico Correctional Facility ("SNMCF"). Plaintiff alleges as follows:

Plaintiff was engaged in a work assignment at the SNMCF maintenance shop. [Doc. 8] at 4, 12. The work assignment involved grinding metal. *Id.* In weeks prior to his injury, Plaintiff had notified the maintenance supervisors, Defendants James Kaczmarek, Santiago Lerma, and Chuck Evans, that "that they were not providing inmates the right eye protection." *Id.* at 4. However, Defendants failed to take any action on Plaintiff's warning. *Id.*

On August 8, 2013, Plaintiff went to the Maintenance Department tool room and obtained a pair of safety glasses in preparation of the work assignment. *Id.* at 12. The safety glasses were those "always available and required to be worn when using the grinding machine." *Id.* Plaintiff put on the safety glasses and started working. *Id.*

While Plaintiff was grinding metal, "some metal flew up and went under the glasses and into [his] eye." [Doc. 8] at 12. Plaintiff alleges:

> I immediately flushed my eye (right) with water and it appeared to feel better. I did inform (verbally) [Defendant] Evans, state employee, that the incident happened and we were in the process of returning to POU.
> Upon returning to my living unit (A1) I informed unit officer[s] . . . of the incident and since it wasn't hurting very much, went and rested.

*Id.* at 13.

Plaintiff alleges that his eye later "felt irritated and felt like something was in it." *Id.* Plaintiff "went to [the] medication window" to speak with the nurse on duty, Defendant Kelli Marable. *Id.* at 14. Defendant Marable advised Plaintiff to speak with "Ms. Kathleen Hodges in the morning." *Id.*

Plaintiff returned to his living unit; he alleges that his "eye was red and irritated" at that time. *Id.* Sgt. Perez, an SNMCF officer, examined Plaintiff's eye and "sent him back to medical" with instructions to Defendant Marable to "flush out [Plaintiff's] eye." *Id.* Defendant Marable flushed out Plaintiff's eye, but "nothing appeared to come out." *Id.* Defendant Marable instructed Plaintiff to "return to medical in the [morning] sick call." *Id.* Plaintiff returned to his living unit. *Id.* at 15.

About an hour later, Plaintiff again went to Sgt. Perez. Sgt. Perez reexamined Plaintiff's eye and, believing something might be in it, called the warden. *Id.* The warden instructed the SNMCF officers to contact the on-call doctor. *Id.* At the instruction of the on-call doctor, Plaintiff was taken to the emergency room that evening. *Id.* There, metal fragments were removed from Plaintiff's eye. *Id.* Plaintiff alleges that the injury has caused him continuing head pains and double vision. *Id.* at 7.

Plaintiff now claims that Defendants Kaczmarek, Lerma, Barela, and Evans (collectively, the "SNMCF Defendants"), as well as Defendant Marable, violated his constitutional rights. [Doc. 8].

3

**Standard for Dismissal Under Rule 12(b)(6)**

A court may dismiss a complaint for failure to state a claim upon which relief can be granted.[3] Fed. R. Civ. P. 12(b)(6). To survive dismissal under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility means that the plaintiff must plead facts that allow "the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663. The factual allegations in the complaint against defendants "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009).

The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," because "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (internal quotations omitted). "[A] plaintiff must 'nudge [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of

---

[3] "Although dismissals under Rule 12(b)(6) typically follow a motion to dismiss, . . . a court may dismiss sua sponte when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991) (internal quotation marks omitted); *see Curley v. Perry*, 246 F.3d 1278, 1282 (10th Cir. 2001) (notice and an opportunity to amend are not required prior to such dismissal).

mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (internal citation omitted).

Stated differently, the Rule 12(b)(6) analysis requires two inquiries. First, courts identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations that are legal conclusions, bare assertions, or merely conclusory. *Iqbal*, 556 U.S. at 678. Second, courts consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 680–81. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *See id.* at 682–83. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Id.* at 678.

At this stage of litigation the Court presumes that all Plaintiff's factual allegations—but not legal conclusions—are true. *See Iqbal*, 556 U.S. at 884. Moreover, the Court liberally construes Plaintiff's filings because he is appearing pro se. *Hall*, 935 F.2d at 1110.

### Analysis

In his Amended Complaint, Plaintiff claims that the SNMCF Defendants violated his constitutional rights by (1) providing improper safety equipment in the maintenance shop, which resulted in his injury, and (2) acting with deliberate indifference to his serious medical need. [Doc. 8] at 5, 7 ("Count I" and "Count III"). Plaintiff also claims that Defendant Marable violated the Eighth Amendment by delaying his medical treatment. *Id.* at 6 ("Count II"). I find that Plaintiff's Amended Complaint fails to state a claim for Eighth Amendment or other constitutional violations and should be dismissed, as discussed herein.

I.    **Claim for Improper Safety Equipment**

Plaintiff claims that his eye injury resulted from the SNMCF Defendants' failure to provide appropriate eye and face protection. [Doc. 8] at 4, 7. Plaintiff alleges that he notified the SNMCF Defendants of the maintenance shop's inadequate eye and face protection, but that they took no action. *Id.* at 4. Moreover, he alleges, the SNMCF Defendants failed to follow federal and state equipment and safety regulations. *Id.* at 7. Essentially, Plaintiff contends that his injury would not have happened had the SNMCF Defendants had provided adequate safety equipment. I find that Plaintiff's allegations fail to state a cognizable claim under § 1983.

"Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Major v. Benton*, 647 F.2d 110, 113 (10th Cir. 1981) (citing *Baker v. McCollan*, 443 U.S. 137, 146 (1979)) (finding, in an action arising from an inmate's death in a sewer ditch cave-in, that the alleged negligent action of prison officials in failing to formulate safety measures and implement safer conditions did not raise a cognizable constitutional claim in a § 1983 action). Accordingly, a claim "sounding in tort law" and alleging mere negligence is not cognizable in a complaint under § 1983. *Id.* at 113; *see Daniels v. Gilbreath*, 668 F.2d 477, 487 (10th Cir. 1982) ("To have a § 1983 case . . . [i]t must appear that there has been a violation of a constitutional or fundamental right guaranteed by the fourteenth amendment or perhaps of the eighth amendment incorporated into the fourteenth.").

Here, Plaintiff has alleged no deprivation of his constitutional rights. *See Major*, 647 F.2d at 113 ("[T]he first inquiry in any [§] 1983 case is whether [the] plaintiff has been deprived of a right secured by the Constitution and laws of the United States."). Rather, he has alleged that his injury resulted from the SNMCF Defendants' failure to provide what he considers to be

6

proper safety equipment.[4] At most, Plaintiff alleges negligence. Accordingly, I find that Plaintiff's claim concerning the SNMCF Defendants' failure to provide adequate safety equipment is not cognizable under § 1983.

## II.     Eighth Amendment Claims

Plaintiff claims that the SNMCF Defendants and Defendant Marable were deliberately indifferent to his serious medical need. Plaintiff's allegations fail to state a claim under the Eighth Amendment against any Defendant.

### A.     Legal Standard for Eighth Amendment Claims

"A prison official violates an inmate's clearly established Eighth Amendment rights if he acts with deliberate indifference to an inmate's serious medical needs—if he knows of and disregards an excessive risk to inmate health or safety." *Garrett v. Stratman*, 254 F.3d 946, 949 (10th Cir. 2001) (internal quotation marks omitted). Stated differently, prison officials violate the Eighth Amendment's ban on cruel and unusual punishment if their deliberate indifference to serious medical needs of a prisoner constitutes unnecessary and wanton infliction of pain. *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

An Eighth Amendment claim of deliberate indifference to serious medical needs requires the plaintiff to demonstrate "both an objective and a subjective component." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). Under the objective inquiry, the "alleged deprivation must be 'sufficiently serious' to constitute a deprivation of constitutional dimension." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (citing *Farmer*, 511 U.S. at 834). Where an Eighth Amendment claim is premised on an alleged delay in medical care, the

---

[4] Plaintiff's claim is not that Defendants failed to provide any safety equipment. He concedes that he was given, and wearing, safety glasses at the time of the incident. [Doc. 8] at 12. His claim is that Defendants should have provided him with a different type of safety glasses.

prisoner "must 'show that the delay resulted in substantial harm' in order to satisfy the objective prong of the deliberate indifference test." *Al-Turki v. Robinson*, 762 F.3d 1188, 1192–93 (10th Cir. 2014) (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001)).

The subjective component requires "evidence of the prison official's culpable state of mind." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005). The subjective component may be fulfilled by showing that the official "[knew] of and disregard[ed] an excessive risk to inmate health or safety." *Id.* That is, the prisoner must show that the defendant[ ] knew [that the prisoner] faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006) (internal quotation marks omitted); *see Martinez v. Garden*, 430 F.3d 1302, 1304–05 (10th Cir. 2005). The pertinent question is whether the prisoner's symptoms were such that the defendant "knew the risk to the prisoner and chose (recklessly) to disregard it[.]" *Mata*, 427 F.3d at 753.

Additionally, "[a] prison medical professional who serves 'solely . . . as a gatekeeper for other medical personnel capable of treating the condition' may be held liable under the deliberate indifference standard if she 'delays or refuses to fulfill that gatekeeper role.'" *Mata*, 427 F.3d at 751 (quoting *Sealock*, 218 F.3d at 1211).

## B.     Eighth Amendment Claim against SNMCF Defendants[5]

Plaintiff claims that the SNMCF Defendants were deliberately indifferent to his serious medical needs. Plaintiff's Amended Complaint fails to allege facts that could amount to deliberate indifference by any SNMCF Defendant.

Plaintiff's factual allegations concerning Defendant Evans are as follows: While on his work assignment, a piece of metal flew up under Plaintiff's safety glasses and into his eye. [Doc. 8] at 12. Plaintiff flushed out his eye with water, and his eye felt better. *Id.* Plaintiff informed Defendant Evans of the incident while leaving the maintenance shop and returning to his living unit. *Id.* Plaintiff's eye "wasn't hurting very much" at the time he returned to his living unit. *Id.*

This is not deliberate indifference on the part of Defendant Evans. Plaintiff gave himself care and felt better. He mentioned the incident to Defendant Evans, but he did not ask for assistance or medical care. Plaintiff does not allege feeling any eye irritation until long after he left the maintenance shop. The facts alleged—even if true—do not amount to deliberate indifference. Accordingly, I find that Plaintiff's claim of deliberate indifference against Defendant Evans is without merit.

---

[5] Plaintiff attempts to set out his claim against the SNMCF Defendants under the Fourteenth Amendment, in addition to the Eighth Amendment. [Doc. 8] at 5 ("Count I"). However, it is clear that his claims are based on alleged denial of medical care. *See generally id.* As such, the Court must consider them as claims arising under the Eighth Amendment. *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996) (noting that when a prisoner asserts claims under the Eighth and Fourteenth Amendments due to inadequate medical care, the court should review the claims solely under the Eighth Amendment); *see also Albright v. Oliver*, 510 U.S. 266, 273 (1994) ("Where a particular Amendment provides an explicit textual source of constitutional protection against [a particular sort] of governmental conduct, . . . that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." (internal quotation marks omitted)); *Estelle*, 429 U.S. at 104 (deliberate indifference to an inmate's serious medical needs constitutes "unnecessary and wanton infliction of pain" in violation of the Eighth Amendment's prohibition against cruel and unusual punishment). As discussed herein, I recommend that all Eighth Amendment claims be dismissed.

Nor has Plaintiff alleged facts that could amount to deliberate indifference against the other SNMCF Defendants. In fact, Plaintiff has not alleged that he had any interaction or communication with Defendants Kaczmarek and Lerma following the injury. Plaintiff's narrative indicates that at all times relevant, he either attended to his own needs or received assistance when he complained. Nothing suggests that SNMCF officers (Defendants and non-defendants alike) disregarded Plaintiff's request for medical care—much less acted with deliberate indifference. The facts alleged, even if completely true, simply do not amount to deliberate indifference. I find, therefore, that Plaintiff's claims of deliberate indifference against Defendants Kaczmarek, Lerma, and Barela are meritless. Accordingly, I recommend that Plaintiff's Eighth Amendment claims against the SNMCF Defendants be dismissed.

### C.   Eighth Amendment Claim against Defendant Marable

Plaintiff claims that Defendant Marable was deliberately indifferent to his serious medical need by delaying medical care. [Doc. 8] at 6. Defendant Marable examined Plaintiff's eye on his request and invited him to return the next morning. *Id.* at 14. Nevertheless, later that same day, Defendant Marable flushed out Plaintiff's eye at the request of SNMCF officers. *Id.* Nothing appeared to come out of Plaintiff's eye, and Defendant Marable again instructed Plaintiff to return the next morning. Plaintiff now argues that Defendant Marable's actions amount to deliberate indifference. *Id.* at 6.

As with the SNMCF Defendants, the facts alleged—even if true—simply do not amount to deliberate indifference by Defendant Marable. Defendant Marable addressed Plaintiff's injury upon his and the SNMCF officers' requests. Nothing suggests that she acted with deliberate indifference. Besides, irrespective of Defendant Marable's alleged action (or inaction), Plaintiff

went to the emergency room that same night, where the metal was removed. I find that Plaintiff's claim of deliberate indifference against Defendant Marable is meritless, and I recommend that it be dismissed.

## CONCLUSION AND RECOMMENDED DISPOSITION

I find that Plaintiff's claim concerning improper safety equipment is not cognizable under § 1983. Further, I find that Plaintiff has failed to state a claim for deliberate indifference against the SNMCF Defendants and Defendant Marable.

For the reasons set forth herein, I respectfully recommend that Plaintiff's Amended Complaint be **DISMISSED with prejudice**.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**